IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
CEDAR RAPIDS DIVISION

| | |
|---|---|
| LISA NAYDENE SHELTON,<br><br>    Plaintiff,<br><br>vs.<br><br>NANCY A. BERRYHILL, Acting Commissioner of Social Security,<br><br>    Defendant. | No. 16-CV-157-LRR<br><br>**ORDER** |

## *I. INTRODUCTION*

The matter before the court is Plaintiff Lisa Naydene Shelton's Objections (docket no. 18) to United States Magistrate Judge Kelly K.E. Mahoney's Report and Recommendation (docket no. 17), which recommends that the court affirm Defendant Commissioner of Social Security's ("Commissioner") final decision to deny disability benefits to Shelton.

## *II. PROCEDURAL HISTORY*

On August 1, 2016, Shelton filed a Complaint (docket no. 3), seeking judicial review of the Commissioner's final decision denying Shelton's application for Title XVI Supplemental Security Income ("SSI"). On October 3, 2016, the Commissioner filed an Answer (docket no. 8). On December 29, 2016, Shelton filed the Plaintiff's Brief (docket no. 12). On February 2, 2017, the Commissioner filed the Defendant's Brief (docket no. 13). On February 8, 2017, Shelton filed a Reply (docket no. 14). On February 9, 2017, the matter was referred to Judge Mahoney for issuance of a report and recommendation. On June 29, 2017, Judge Mahoney issued the Report and Recommendation. On July 12, 2017, Shelton filed the Objections. On July 20, 2017, the Commissioner filed a Response (docket no. 19) to the Objections. The matter is fully submitted and ready for decision.

## III. STANDARD OF REVIEW

### A. *Review of Final Decision*

When the Commissioner adopts an Administrative Law Judge's ("ALJ") findings and conclusions as its final decision, the final decision is subject to judicial review. *See* 42 U.S.C. § 405(g). The court "will affirm the Commissioner's decision if supported by substantial evidence on the record as a whole." *Anderson v. Astrue*, 696 F.3d 790, 793 (8th Cir. 2012). "Substantial evidence is 'less than a preponderance but enough that a reasonable mind would find it adequate to support the conclusion.'" *Id.* (alteration omitted) (quoting *Jones v. Astrue*, 619 F.3d 963, 968 (8th Cir. 2010)). In determining whether substantial evidence supports the Commissioner's decision, the court "consider[s] the evidence that supports the Commissioner's decision as well as the evidence that detracts from it." *Jones*, 619 F.3d at 968 (8th Cir. 2010) (quoting *Kluesner v. Astrue*, 607 F.3d 533, 536 (8th Cir. 2010)). A court "will not disturb the denial of benefits so long as the ALJ's decision falls within the available 'zone of choice.'" *Casey v. Astrue*, 503 F.3d 687, 691 (8th Cir. 2007) (quoting *Nicola v. Astrue*, 480 F.3d 885, 886 (8th Cir. 2007)). "If, after reviewing the entire record, it is possible to draw two inconsistent positions, and the Commissioner has adopted one of those positions," the court must affirm the Commissioner's decision. *Anderson*, 696 F.3d at 793.

When reviewing the Commissioner's decision, the court "must judge the propriety of such action solely by the grounds invoked by the agency" and may not affirm the decision based on a post hoc rationale that "it considers to be a more adequate or proper basis." *Sec. & Exch. Comm'n v. Chenery Corp.*, 332 U.S. 194, 196 (1947); *see also, e.g.*, *Hanson v. Colvin*, 760 F.3d 759, 762 (7th Cir. 2014) (applying *Chenery* analysis in context of social security benefits); *Haga v. Astrue*, 482 F.3d 1205, 1207-08 (10th Cir. 2007) (same); *Strom v. Astrue*, Civil No. 07-150, 2008 WL 583690, at *27 (D. Minn. Mar. 3, 2008) (same). In other words, "'a reviewing court may not uphold an agency

decision based on reasons not articulated by the agency,' when 'the agency has failed to make a necessary determination of fact or policy' upon which the court's alternative basis is premised." *Banks v. Massanari*, 258 F.3d 820, 824 (8th Cir. 2001) (alterations omitted) (quoting *Healtheast Bethesda Lutheran Hosp. & Rehab. Ctr. v. Shalala*, 164 F.3d 415, 418 (8th Cir. 1998)).

### B. Review of Report and Recommendation

The standard of review to be applied by the court to a report and recommendation of a magistrate judge is established by statute:

> A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made. A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge.

28 U.S.C. § 636(b)(1); *see also* Fed. R. Civ. P. 72(b)(3) (providing that, when a party properly objects to a report and recommendation on a dispositive motion, a district court must review de novo the magistrate judge's recommendation). The Eighth Circuit has repeatedly held that it is reversible error for a district court to fail to conduct a de novo review of a magistrate judge's report and recommendation when such review is required. *See, e.g.*, *United States v. Lothridge*, 324 F.3d 599, 600 (8th Cir. 2003); *Hosna v. Groose*, 80 F.3d 298, 306 (8th Cir. 1996); *Hudson v. Gammon*, 46 F.3d 785, 786 (8th Cir. 1995); *Belk v. Purkett*, 15 F.3d 803, 815 (8th Cir. 1994). The statute governing review provides only for de novo review of "those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). The court reviews the unobjected-to portions of the proposed findings or recommendations for "plain error." *See United States v. Rodriguez*, 484 F.3d 1006, 1010-11 (8th Cir. 2007) (noting that, where a party does not file objections to a magistrate's report and recommendation, the party waives the right to de novo review and the court will review the decision for plain error).

## IV. ANALYSIS

In the Objections, Shelton argues that: (1) Judge Mahoney mischaracterized the record in recounting a state agency physician's opinion; (2) the ALJ improperly relied on his personal observations of Shelton during the hearing held on her application for disability benefits; (3) the ALJ was too conclusory in his determination that Shelton's subjective allegations were inconsistent with the record and failed to tie specific inconsistencies in Shelton's statements to the record; (4) the ALJ inappropriately discounted Shelton's reports of her own mental state as "subjective" but then credited medical records reporting that Shelton had appropriate mental function as "objective" in making his disability determination and that there were subjective statements that were both supportive of and contrary to Shelton's allegations in the record; and (5) Judge Mahoney failed to properly evaluate the ALJ's refusal to discount certain medical sources' opinions based on their supposed reliance on Shelton's subjective complaints because the ALJ, and Judge Mahoney, used equivocal language in describing the basis for those opinions. *See generally* Objections.

After conducting a de novo review of the objected-to portions of the Report and Recommendation and the Administrative Record ("AR") (docket nos. 9-1 through 9-14), the court overrules the Objections. Judge Mahoney properly discussed the impact that the state agency physician's opinion had on the ALJ's decision. First, Judge Mahoney merely recounted the allegedly erroneous information in her recitation of the procedural history of the case—thus, any error would be nonsubstantive and immaterial. *See* Report and Recommendation at 2. Furthermore, Judge Mahoney did not mischaracterize the weight the ALJ ultimately gave to this doctor's opinion—she correctly stated that the ALJ gave it "partial" weight. *Id.* at 5; *see also* AR 20. The court shall overrule the first objection.

The ALJ properly considered, but did not rely entirely on, his personal observations of Shelton in rendering the residual functioning capacity and his ultimate disability

4

determination. *See Lamp v. Astrue*, 531 F.3d 629, 632 (8th Cir. 2008) ("While the ALJ's observations cannot be the sole basis of his decision, it is not an error to include his observations as one of several factors."). Shelton's criticism of the quality of the video conference or the fact that no recording was made of the hearing is not well taken. The ALJ's observation was not one which would have been obscured by a poor quality video recording. Rather, it had to do with her testimony and ability to stay focused an engaged throughout the hour-long hearing. *See* AR 20 ("[T]he claimant had little, if any, trouble staying focused and engaged throughout the hour-long hearing proceeding. She was able to follow along and answer all questions appropriately from both her attorney and the administrative law judge."). The court shall overrule the second objection.

The ALJ also appropriately tied the inconsistencies in Shelton's subjective statements to the record. Contrary to Shelton's complaint that the ALJ relied on "illogically circular" reasoning, *see* Objections at 3, the ALJ's decision appropriately discussed the medical evidence supporting his findings. In particular, the ALJ tied Shelton's allegations of "significant difficulty with standing, walking, and sitting," her "difficulty with memory, concentration, and being off task 'all the time,'" as well as her inability "to take her bladder medication because it counteracts with her blood pressure medication" to specific medical sources contrary to Shelton's allegations. *See* AR 20. Such analysis provides a substantial basis for the ALJ's decision. The court shall overrule the third objection.

The ALJ appropriately relied on the medical opinions to discount Shelton's subjective complaints regarding her mental status. *See, e.g.*, 20 C.F.R. § 416.929 (noting that "statements about [a claimant's] pain or other symptoms will not alone establish that [a claimant is] disabled" and that "[m]edical signs and laboratory findings, established by medically acceptable clinical or laboratory diagnostic techniques, must show the existence of a medical impairment(s)"). That the ALJ gave such opinions little weight is of no

5

consequence. While the ALJ ultimately disagreed with the sources' conclusions and diagnoses, the ALJ found the objective medical findings made by the sources to be reliable and, accordingly, relied on them when making his decision. Furthermore, the ALJ referred to these objective medical findings in rejecting Shelton's subjective statements regarding her mental state. *See* AR 18 ("[M]ental status findings have been generally unremarkable, including full alertness and orientation, adequate hygiene and grooming, good eye contact, normal speech and through content, adequate memory function, fair to good judgment/insight, and fair concentration."). Any intimation that the court should reverse the ALJ's decision merely because of conflicting evidence in the record below is clearly without merit. *See Guilliams v. Barnhart*, 393 F.3d 798, 801 (8th Cir. 2005) ("[E]ven if inconsistent conclusions may be drawn from the evidence, the agency's decision will be upheld if it is supported by substantial evidence in the record as a whole."). The court shall overrule the fourth objection.

Finally, it is clear from the record that the ALJ properly evaluated all medical sources. The ALJ properly considered the weight to give each medical opinion, alongside and in light of all other evidence in the record. *See* 20 C.F.R. § 416.927(c) (describing how the Commissioner evaluates medial opinions). The record is clear that the ALJ properly discussed each medical opinion and provided reasoned bases for the weight he gave such opinion, along with citations to the record. *See* AR 17-19. The ALJ is entitled to discount medical opinions based upon a claimant's subjective complaints. *See, e.g.*, *Cline v. Colvin*, 771 F.3d 1098, 1104 (8th Cir. 2014) ("The [commissioner] was entitled to give less weight to [a treating physician's] opinion, because it was based largely on [Shelton's] subjective complaints rather than on objective medical evidence.") (first alteration in original) (quoting *Kirby v. Astrue*, 500 F.3d 705, 709 (8th Cir. 2007))). An ALJ is not required to use perfect prose or render his or her decision in language that suits Shelton's specific desires. All the ALJ is required to do is properly weigh medical

opinions and consider them alongside the other relevant evidence. Upon a de novo review, the court is satisfied that the ALJ did so here. Accordingly, the court shall overrule the Objections in their entirety.

## V. CONCLUSION

In light of the foregoing, it is hereby **ORDERED**:

(1) The Objections (docket no. 18) are **OVERRULED**;

(2) The Report and Recommendation (docket no. 17) is **ADOPTED** and the final decision of the Commissioner is **AFFIRMED**; and

(3) The Complaint (docket no. 3) is **DISMISSED WITH PREJUDICE**.

**IT IS SO ORDERED.**

**DATED** this 8th day of September, 2017.

LINDA R. READE, JUDGE
UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF IOWA